IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**WILLIAM ISAIAS TAMAY CALLE,**          *

    **Petitioner,**                                         *

v.                                                                *          Civ. No. DLB-26-315

**KRISTI NOEM,** *Secretary of the Department* *
*of Homeland Security, et al.*,
                                                                       *
    **Respondents.**

## ORDER

    William Isaias Tamay Calle, a citizen of Ecuador, entered the United States in April 2024. ECF 1, ¶ 1. He was apprehended at the border, placed into removal proceedings, and released on an order of recognizance. *Id.*; ECF 8, at 1. He intends to apply for Special Immigrant Juvenile Status (SIJS), which if approved, could provide him a path to lawful permanent residency. *Id.* at 2. He currently has an active guardianship and SIJS proceeding pending in the Circuit Court for Baltimore City. *Id.* A hearing in that matter is scheduled for February 6, 2026. *Id.*

    On January 20, 2026, Tamay was arrested by Immigration and Customs Enforcement at a check-in, on the basis of his alleged failure to comply with his conditions of supervision. *Id.* He filed this petition for a writ of habeas corpus while detained in Baltimore. ECF 1, ¶ 19.

    Tamay argues that his detention violates his due process rights. He further argues that he is subject to detention under 8 U.S.C. § 1226(a), which permits those detained under its authority to receive bond hearings before an immigration judge, and that he is not subject to mandatory detention. ECF 8, at 2. Tamay seeks, among other things, an order requiring the respondents to release him unless they provide him a bond hearing within seven days. *Id.* at 3.

    Upon consideration of the petition for a writ of habeas corpus, ECF 1, the notice filed jointly by the parties, ECF 8, and prior decisions by this Court and by judges in this district with

which this Court agrees, *see, e.g.*, *Lopez v. Noem*, No. GLR-25-3662, 2025 WL 3496195 (D. Md. Dec. 5, 2025); *Bautista Villanueva v. Bondi*, No. ABA-25-4152, 2026 WL 100595 (D. Md. Jan. 14, 2026); *Villanueva Funes v. Noem*, No. TDC-25-3860, 2026 WL 92860 (D. Md. Jan. 13, 2026), the Court finds that further briefing and a hearing are not necessary.

The Court finds that Tamay is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b). Tamay may request and is entitled to a bond hearing before an immigration judge consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), at which the immigration judge shall decide the merits of Tamay's request for release from custody. The Court understands that an immigration judge may conclude that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025)—in which the BIA held that immigration judges lack authority to consider bond requests filed by noncitizens who entered the United States without inspection—applies to Tamay. To the extent an immigration judge so concludes, however, the Court disagrees with the holding in *Yajure Hurtado* and agrees with the vast majority of federal district courts that have held *Yajure Hurtado* was wrongly decided. *See, e.g.*, *Hernandez-Lugo v. Bondi*, No. GLR-25-3434, 2025 WL 3280772, at *6 (D. Md. Nov. 25, 2025); *Afghan v. Noem*, No. SAG-25-4105, 2025 WL 3713732, at *2 (D. Md. Dec. 23, 2025); *Maldonado v. Baker*, No. TDC-25-3084, 2025 WL 2968042, at *4 (D. Md. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25-cv-10931, 2025 WL 2962610, at *5 (N.D. Ill. Oct. 20, 2025); *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *7 (W.D. Ky. Nov. 4, 2025); *Lopez Vasquez v. Noem*, No. 5:25-cv-3087-FWS-SP, 2025 WL 4056018, at *5 (C.D. Cal. Nov. 19, 2025). If the immigration court concludes that it lacks jurisdiction to consider the merits of Tamay's bond request on the basis of *Yajure Hurtado*, Tamay will not receive the process to which this Order entitles him.

Therefore, it is this 2nd day of February, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that:

1. Tamay's petition for a writ of habeas corpus IS GRANTED in part;

2. Tamay SHALL FILE a motion seeking a bond hearing consistent with this Order, and the bond hearing SHALL BE HELD within seven days of the filing of Tamay's motion;

3. The bond hearing MAY BE conducted by any immigration court with jurisdiction or administrative control over Tamay's detention and need not be conducted in Maryland;

4. The bond hearing MUST COMPLY in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to those provisions;

5. The parties SHALL FILE a status report as soon as possible following the bond hearing before the immigration judge, but in any event no more than seven days after the bond hearing;

6. If Tamay is not provided a bond hearing, at which the merits of his request for release are reached, within seven days of the filing of his motion, the respondents SHALL RELEASE Tamay from detention, and such release SHALL BE subject to the same conditions that applied before Tamay's January 20, 2026 arrest;

7. The motion for a ruling, ECF 10, IS MOOT in light of this Order; and

8. The Court SHALL RETAIN jurisdiction over this matter to enforce compliance with this Order.

_____
Deborah L. Boardman
United States District Judge